# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. BETTEROADS ASPHALT, L.L.C., BETTERECYCLING CORPORATION<br>Plaintiff<br><br>v.<br><br>R & F ASPHALT UNLIMITED, INC.; JUAN RAUL ROBLES-RIVERA; BTB CORPORATION; JUAN VAZQUEZ-DONIS<br>Defendants | CIVIL NO.: 14-1855 (FAB) |

## AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff, the United States of America, represented by the undersigned attorneys, whom very respectfully STATE AND PRAY:

## I.    PRELIMINARY STATEMENT

1.    On November 24, 2014, Betteroads Asphalt, L.L.C., and Betterecycling Corporation, filed the above referenced Complaint under the Qui Tam provision of the False Claims Act, 31 U.S.C. § 3730(b)(1). Betteroads Asphalt, L.L.C., and Betterecycling Corporation shall be known hereinafter as the "Relators")

2.    This is an action to recover damages and civil penalties on behalf of the United States of America, for violations of the False Claims Act arising from false or fraudulent records, statements, or claims, or any combination thereof, made, used or presented, or any combination thereof, by the defendants with respect to false claims on the approval of the project named: "Rafael Hernandez

1

Airport Rehabilitation of Taxiway A and Connectors C & D" by the Puerto Rico Ports Authority (hereinafter referred to as "PRPA"), a public corporation.

3.  The False Claims Act was enacted during the Civil War. Congress amended the False Claims Act in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the False Claims Act, which Congress characterized as the primary tool for combating government fraud, was in need of modernization. Congress intended that the amendments create incentives for individuals with knowledge of fraud against the government to disclose the information without fear of reprisals or Government inaction and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

4.  The False Claims Act provides that any person who knowingly submits, or causes the submission of, a false or fraudulent claim to the U.S. Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government.

5.  The Act allows any person having information about a false or fraudulent claim against the Government to bring an action for himself and the Government, and to share in any recovery. The Act requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendant during that time) to allow the Government time to conduct its own investigation and determine whether to join the suit. 31 U.S.C' §3730.

6.  The Regulations 7496 of the Puerto Rico Ports Authority, Bids and Request for Proposals, establishes that every auction to be financed with federal funds must comply with the concerned federal agency standards.

7. This is an action for treble damages and penalties for each false claim and each false statement under the False Claims Act, 31 U.S.C. §3729, et seq., as amended.

## II. THE PARTIES

8. The Relator, is a major asphalt pavement producers and contractors in the Commonwealth of Puerto Rico.

9. Upon information and belief, codefendant R&F Asphalt Unlimited, Inc. (hereinafter referred to as "R&F"), was a subcontractor of the prime Contractor and supplied the asphalt pavement for the "Rafael Hernandez Airport Rehabilitation of Taxiway A and Connectors C & D" project. Upon information and belief, R&F is also codefendant BTB Corporation's business partner.

10. Juan Raúl Robles (hereinafter referred to as "Robles") is the Secretary of R&F and is brought forth in this Amended Complaint in his official and personal capacity.

11. R&F and Robles are jointly and severally liable to the United States.

12. Upon information and belief, codefendant BTB Corporation ("BTB"), was a subcontractor or supplier of R&F, who supplied the liquid asphalt binder used as raw material in the manufacturing of the asphalt pavement used in the "Rafael Hernández Airport Rehabilitation of Taxiway A and Connectors C & D" project.

13. Juan Vázquez-Donis (hereinafter referred to as "Vazquez") is the President of BTB and is brought forth in this Amended Complaint in his official and personal capacity.

14. BTB and Vazquez are jointly and severally liable to the United States.

## III. JURSDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) (False Claims Act) and 28 U.S.C. § 1331 (Federal Question).

16. Venue is proper within this District Court because it is the judicial district where the action arose and where the defendants are located.

## IV.     FACTS

17. On June 3, 2011, the local newspaper "El Nuevo Día" published an advertisement for bids in accordance with Puerto Rico Act No. 125 of May 7, 1942, as amended, and Regulation No. 7496 of PRPA Bids and Request for Proposals, requesting competitive bids from contractors for the "Rehabilitation of the Taxiway A and Connectors C & D" at Rafael Hernandez Airport in Aguadilla, Puerto Rico.

18. The Relator, as the major asphalt pavement producers and contractors in the Commonwealth of Puerto Rico, on June 13, 2011 received the Technical Specification P-401, titled "Plant Mix Bituminous Pavements (Super Pave)", that contained the specifications of the project.

19. The P-401 stated that the material to be used in the project had to comply with the AASHTO M 320: Standard Specification for Performance-Graded Asphalt Binder designation PG 76-22. Also, the Article 2.3, page 2 of the P-401 specifies PG 76-22 as the mandatory asphalt binder for the project and further required a certificate of compliance from the manufacturer to be included with the mix design submittal. It also required the Contractor to "furnish vendor's certified test results for each lot of bituminous material shipped to the project. The vendor's certified test report for the bituminous material can be used for acceptance or the bituminous material may be tested independently by the Engineer".

20. In reaction to the P-401, the Relator sent its comments about the project to the PRPA. It pointed out that the PG 76-22 asphalt binder was not available in Puerto Rico Instead, the available asphalt binder was the PG 64-22. It also stated that the PG 76-22 asphalt binder

was not available to be shipped to Puerto Rico.

21. On June 29, 2011, the PRPA responded to Relator's comment indicating that: "PG 76-22 is required due to the characteristics of the aircraft using the airport."

22. After a number of communications between the Relator and the PRPA, the Relator decided not to further participate in the auction or submit a bid, because it would have been extremely burdensome to, or impossible to fulfill the specifications on the P-401.

23. At the auction of the project, codefendant CCC was awarded the bid.

24. As CCC does not produce asphalt pavement, it had to hire R&F as a subcontrator.

25. Codefendant BTB was the company that imported the asphalt binder used by R&F in the production of asphalt pavement, and who also certified the material used is such production as PG76-22 as required by the technical specifications of the bid.

26. On April 23, 2013 the Relator notified Rolando J. Torres Carrion, the Sub-Director of the PRPA, among others, Relator could not confirm with local and federal authorities in charge of collecting the information of shipments of this kind of material whether any PG 76-22 was imported to Puerto Rico.

27. On or about October 2013 the project in question was completed, and or about January 2014, Relator sought permission from the PRPA to extract several core samples of the installed asphalt pavement for analysis by PRI Asphalt Technologies, Inc. (hereinafter referred to as "PRI"), an independent asphalt testing and evaluation laboratory.

28. On January 31, 2014, PRI revealed the Test & Evaluation Report of the lab analysis performed on the material that was used in the project in question. PRI concluded: "[...]that the binder recovered from the mix does not meet the requirements of PG 76-22."

29. BTB imported asphalt binder other than the required by the bid, AASHTO M-320, despite knowing that PG 76-22 was mandatory for the "Rafael Hernández Airport Rehabilitation of Taxiway A and Connectors C & D" project.

30. The Defendants submitted a false certified test ensuring that the material to be used, and used, in the project fulfilled the requirements of the AASHTO M-320, namely, that it was PG76-22, knowing that it was not.

31. The Defendants used the imported material on the construction project, even though it was not asphalt binder PG 76-22 as described in the Technical Specifications P-401.

## V.   APPLICABLE LAW

### A.   Regulation 7496 of PRPA Bids and Request for Proposals

1. Regulation 7496 of PRPA Bids and Request for Proposals establishes that, in order to approve an auction, every construction project that would be paid partly with federal funds must comply with the applicable federal agency standards. Article VI(C) of the PRPA Bids and Request for Proposals, Regulation No. 7496, as amended.

### B.   False Claims Act

2. False Claims Act liability attaches to any person who knowingly presents or causes a false or fraudulent claim to be presented for payment, or to a false record or statement made to get a false or fraudulent claim paid by the government. 31 U.S.C. §3729(a)(1)&(2).

3. Under the False Claims Act, "knowing" and "knowingly" mean that a person, with respect to information:

      a) has actual knowledge of the information;

      b) acts in deliberate ignorance of the truth or falsity of the information; or

      c) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

31 U.S.C. §3729(b).

4. The False Claims Act is violated, not only by a person who makes a false statement or a false record to get the government to pay a claim, but also by one who engages in a course of conduct that causes the government to pay a false or fraudulent claim for money.

## VI. DEFENDANTS' LIABILITY

5. By virtue of the acts described above, defendants knowingly: (a) presented, or caused to be presented, a false or fraudulent claim for payment or approval, and/or (b) knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim to the United States Government for the approval and payment of the project, paid with United States government funds.

6. The Government paid such false claim.

7. By reason of the defendant's acts, the United States has been damaged in substantial amount to be determined at trial.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

A. That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729;

B. That Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

C. That Relator be awarded all costs of this action, including attorneys' fees and expenses; and

D.      That Relator recovers such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of March, 2015.

WE HEREBY CERTIFY that we have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all Attorneys of record.

**ROSA E. RODRIGUEZ-VELEZ**
**United States Attorney**


*S/ HECTOR E. RAMIREZ-CARBO*
**HECTOR E. RAMIREZ-CARBO**
USDC NO. 214902
Assistant United States Attorney
Chief Civil Division

*s/DAVID O. MARTORANI-DALE*
**DAVID O. MARTORANI-DALE**
Assistant United States Attorney
USDC-PR No.: 226004
District of Puerto Rico
350 Carlos Chardon Avenue,
Suite 1201
San Juan, PR 00918
Telephone: (787) 282-1845
E-mail: hector.e.ramirez@usdoj.gov
Telephone: (787) 282-1832
E-mail: david.o.martorani@usdoj.gov
Attorneys for the United States