IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. BETTERROADS ASPHALT, L.L.C., BETTERECYCLING CORPORATION<br><br>Plaintiff<br><br>v.<br><br>R&F ASPHALT UNLIMITED, INC.; JUAN RAUL ROBLES-RIVERA; BTB CORPORATION; JUAN VAZQUEZ-DONIS<br><br>Defendants | CIVIL NO. 14-1855 (FAB) |

**REPLY TO OPPOSITION TO MOTION FOR IMPOSITION OF SANCTIONS**

**TO THE HONORABLE COURT**:

**COMES NOW**, codefendant BTB Corporation ("BTB"), through its undersigned counsel and respectfully alleges and prays:

1. On May 14, 2015, BTB filed a "Motion Requesting the Imposition of Sanctions on the Relator for Flagrant Violations of Seal Requirement" (hereinafter, "Motion for Sanctions"). See Docket No. 31. On May 21, 2015, Betteroads Asphalt, LLC and Betterecycling Corporation (hereinafter, "Relators") filed an "Opposition to Motion for Imposition of Sanctions" (hereinafter, "Opposition"). See Docket No. 33. On May 22, 2015, codefendants R&F Asphalt Unlimited, Inc. and Juan Raul Robles filed a motion joining BTB's Motion for Sanctions. See Docket No. 37. Joinder was granted by the Court. See Docket No. 38. Lastly, as to the United States, the Court ordered that the

1

United States respond to BTB's Motion for Sanctions no later than June 5, 2015. See Docket 34.

2. In the meantime, BTB is tendering this Reply due to the fact that in the Opposition, Relators make several incorrect and inapposite arguments that compel clarification by BTB.

3. First, it cannot be overstated that Relators concede in their Opposition that the disclosures to the media of the general allegations of the Complaint in this case, during the Seal Period[1], did in fact occur, as set forth in the Motion for Sanctions. See Opposition, ¶¶ 8-9. Relators' main argument against the imposition of sanctions, then, appears to be that BTB did not suffer any prejudice as a result of the disclosures and in any event waived any claim against Relators by virtue of the settlement agreement in the captioned case – "no harm, no foul," so to speak. This argument, however, is inapposite. **By virtue of the Motion for Sanctions, no redress is requested as to BTB** – the sanctions requested are for the Court reduce to zero Relators' share of the aforementioned settlement. The reason for this is that in imposing sanctions for violations of the Seal Provision[2], **courts consider harm to the government (if any), the severity of the violation, and whether the relator acted in bad faith**. See, e.g. U.S. ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 246 (9th Cir. 1995). Any prejudice or harm to the codefendants in the *qui tam* complaint is not a factor; thus, Relators are dwelling on a non-sequitur in trying to establish that their violations of the Seal Provision caused no harm to BTB. To that end, the reason the Motion for Sanctions emphasizes that Relators'

---

[1] As defined in the Motion for Sanctions – namely, November 24, 2014 through March 18, 2015.

[2] As defined in the Motion for Sanctions – namely, the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730(b), under which (*inter* alia) the *qui tam* complaint must be filed under seal and "shall remain under seal for at least 60 days."

violations of the Seal Provision are "a deliberate and calculated campaign by Relators to stack the deck against BTB and force them into the eventual settlement agreement in this case", is not any harm caused to BTB, but rather to emphasize the ulterior motives behind Relators' illicit actions. Relators' motives *are* relevant to the Motion for Sanctions because as established above, whether the Relators acted in bad faith is a factor to be considered by courts in determining the severity of sanctions to be levied for violations of the Seal Provision.

    4. Relators also present an argument in the alternative, arguing that the disclosures did not violate the Seal Provision, inasmuch as Relators supposedly never disclosed the existence of the *qui tam* Complaint per se, but rather "generally address the events that the complaint revolves around." See Opposition, ¶¶ 8-9. This is based upon the fatally flawed assumption that the Seal Provision prohibits only disclosure of the *existence* of the *qui tam* complaint per se. In fact, as established in the Motion for Sanctions, **the disclosure to the media of the existence and general nature of allegations contained in a *qui tam* complaint** while it is still under seal is a clear violation of the Seal Provision. See, e.g. Lujan, 67 F.3d at 244; U.S. ex rel Bibby v. Wells Fargo Home Mortg. Inc., --- F.Supp.3d ---, 2015 WL 82037 at *13, Civil No. 1:06–CV–0547–AT (N.D. Ga. Jan. 5, 2015).

    5. Lastly, the fact that, as stated by Relators, two other government agencies already knew of the alleged fraudulent acts (see Opposition, ¶ 9), changes nothing. The United States will obviously have learned of all the allegations by virtue of having been served with a copy under seal of the captioned *qui tam* Complaint at the beginning of the Seal Period. Therefore, Relators' argument that their disclosures were not subject to the

seal provision because "two other government agencies already knew" is wholly illogical and devoid of merit.

6. In short, Relators' Opposition has removed all doubt – it is now undisputed that Relators *did* disclose the general allegations of the captioned *qui tam* Complaint in this case to the Puerto Rican media, **on several occasions during the Seal Period**. Moreover, nowhere in the Opposition do Relators deny that their motives for these disclosures were to harm its main competitor in the Puerto Rico market. Simply put, the unrepentant Relators' actions were a clear and flagrant abuse of the *qui tam* provisions of the False Claims Act, and must not be allowed to go unchecked.

**WHEREFORE,** BTB respectfully requests that as a sanction for violations of the Seal Requirement, the Court reduce to zero Relators' share of the aforementioned settlement.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 1st day of June, 2015.

**I HEREBY CERTIFY**, that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

> **PIETRANTONI MENDEZ & ALVAREZ LLC**
> Popular Center, 19th Floor
> 208 Ponce De León Ave.
> San Juan, Puerto Rico  00918
> Telephone: (787)274-1212
> Fax: (787)274-1470
>
>
> **s/Néstor M. Méndez-Gómez**
> Nestor M. Méndez-Gómez

4

USDC-PR 118409
nmendez@pmalaw.com


**s/Jason R. Aguiló Suro**
 Jason R. Aguiló Suro
USDC No. 227311
jaguilo@pmalaw.com