IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BETTEROADS ASPHALT, LLC, BETTERECYCLING CORPORATION,<br><br>**Plaintiffs,**<br><br>v.<br><br>R & F ASPHALT UNLIMITED, INC., BTB CORPORATION, JUAN VÁZQUEZ-DONIS, JUAN RAÚL ROBLES-RIVERA,<br><br>**Defendants.** | Civil No. 14-1855 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant BTB Corporation ("BTB")'s motion requesting the imposition of sanctions against relators Betteroads Asphalt, LLC and Betterecycling Corporation for their alleged violations of the False Claims Act ("FCA")'s seal requirement for *qui tam* actions.[1] (Docket No. 31.) Relators opposed (Docket No. 33), BTB replied (Docket No. 43), and relators filed a surreply (Docket No. 45). The United States submitted a brief explaining why it does not support sanctions against relators. (Docket No. 44.) For the reasons that follow, BTB's motion for sanctions (Docket No. 31) is **DENIED**.

---

[1] Defendants R & F Asphalt Unlimited, Inc. and Juan Raul Robles-Rivera joined BTB's motion requesting the imposition of sanctions. See Docket Nos. 37-38.

## I.  BACKGROUND

On February 4, 2014, *El Vocero* newspaper published an article reporting BTB's alleged fraud in connection with its bid to pave the runway at Aguadilla's Rafael Hernandez Airport.  (Docket No. 39-1 at pp. 3-4.)  The article quotes relators' CEO as stating that BTB made false representations about the type of asphalt it would use to pave the runway.  Id.  The article also reports that relators filed a complaint with the Puerto Rico Ports Authority ("PRPA") and informed the Federal Aviation Administration about the alleged fraud.  Id.  According to the article, PRPA indicated that it had commenced an internal audit of BTB's bid, award, and execution of the runway project.  Id.

On February 5, 2014, in response to the information published in *El Vocero*, the Puerto Rico Senate ordered an investigation into the bidding process and the asphalt used to pave the Aguadilla airport runway.  (Docket No. 44-2.)

On November 24, 2014, relators filed a complaint pursuant to the *qui tam* provision of the FCA, alleging the same fraud that *El Vocero* reported nine months earlier.  The complaint was filed under seal, as required by 31 U.S.C. § 3730(b)(2).

On December 16, 2014 and February 18, 2015, while the *qui tam* complaint remained under seal, *El Vocero* published two articles about the alleged Aguadilla airport runway fraud.  (Docket No. 39-1 at pp. 1-2, 5-8.)  Relators' CEO is quoted in both articles

Civil No. 14-1855 (FAB)                                              3

explaining why the type of asphalt that BTB claimed it used to pave the Aguadilla airport runway is actually unavailable in Puerto Rico and impossible to ship to the island.  Id.  Relators' CEO also accuses BTB of improper activities in other government projects. Id.  The articles discuss the general allegations of fraud in the Aguadilla airport project but do not disclose the existence of the sealed *qui tam* action.  See id.

BTB alleges that relators' CEO discussed the allegations contained in the *qui tam* complaint on a local radio show while the complaint was under seal.  (Docket No. 31 at p. 4.)

On March 18, 2015, the United States intervened in the *qui tam* action and filed an amended complaint and settlement agreements. See Docket Nos. 12-15.  On March 23, 2015, the Court unsealed the amended complaint and all documents filed after the amended complaint.  (Docket No. 18.)  On that same day, the Court entered judgment in the case, approving the parties' settlement agreements. (Docket No. 22.)  Pursuant to the agreements, defendants BTB and Juan Vázquez-Donis jointly and severally must pay the United States $3,605,629, and defendants R & F Asphalt Unlimited, Inc. and Juan Raúl Robles-Rivera also jointly and severally must pay the United States $3,605,629.  Id.  The agreements provide that the United States will compensate relators twenty percent of the total funds recovered.  Id. at p. 2.

## II.  DISCUSSION

Defendant BTB moves the Court to sanction relators. (Docket No. 31.)  BTB claims that relators violated the FCA's seal requirement when their CEO disclosed the allegations contained in the *qui tam* complaint to *El Vocero* newspaper and on a local radio show while the complaint was under seal.  Id.  BTB suggests that the proper sanction is to deny relators their twenty percent share of the approximately seven million dollar settlement, leaving the entire settlement amount for the United States.  Id. at pp. 6-7.

Upon order of the Court, the United States responded to BTB's motion.  (Docket No. 44.)  The United States contends that relators' disclosures to *El Vocero* while the *qui tam* complaint was under seal were not appropriate nor authorized by the United States.  Id.  Nonetheless, the United States does not seek the imposition of sanctions because (1) relators did not disclose the existence of the *qui tam* complaint, (2) the disclosures merely repeated information that had already been disclosed to the public in February 2014, nine months before the *qui tam* complaint was filed under seal, and (3) the disclosures did not harm the United States' investigation.  Id.

The FCA provides that a *qui tam* complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."  31 U.S.C.

§ 3730(b)(2). Congress adopted the mandatory sixty-day seal period for the following reasons:

> (1) to permit the United States to determine whether it already was investigating the fraud allegations (either criminally or civilly); (2) to permit the United States to investigate the allegations to decide whether to intervene; (3) to prevent an alleged fraudster from being tipped off about an investigation; and, (4) to protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to intervene.

Am. Civil Liberties Union v. Holder, 673 F.3d 245, 250 (4th Cir. 2011) (citing S. Rep. No. 99-345, at 24-25 (1986)).

In a First Amendment free speech challenge to the FCA's seal provision, the Fourth Circuit Court of Appeals explained that the provision is narrowly tailored because it "limit[s] the relator only from publicly discussing the filing of the qui tam complaint" and because "[n]othing in the FCA prevents the qui tam relator from disclosing the existence of the fraud." Id. at 254; accord United States ex rel. Rigsby v. State Farm Fire & Cas. Co., 794 F.3d 457, 471 (5th Cir. 2015) (confining analysis of seal violations "to disclosures of the existence of the suit itself" and not "disclosures of the underlying allegations"). This interpretation comports with the seal requirement's primary purpose, to give the United States time to investigate the alleged fraud without "tipping off" the defendant, because public disclosure of alleged fraud "is far less likely to indicate to the defendant that a government investigation is underway" than public disclosure of the

Civil No. 14-1855 (FAB)                                                6

existence of the *qui tam* complaint.  United States *ex rel*. Rigsby v. State Farm Fire & Cas. Co., No. 1:06CV433 LTS-RHW, 2011 WL 8107251, at *7 (S.D. Miss. Jan. 24, 2011), aff'd, 794 F.3d 457 (5th Cir. 2015).

Disagreeing with the Fourth Circuit Court of Appeals, defendant BTB contends that disclosing the fraud allegations contained in a *qui tam* complaint, without disclosing the complaint's existence, violates the FCA's seal provision. (Docket No. 43 at p. 3.)  The two cases that BTB relies on for this proposition, however, provide no support because both involve disclosure of the existence of a *qui tam* complaint.  See United States *ex rel*. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 244 (9th Cir. 1995) (finding that relator "clearly violated the [FCA's] seal provision . . . by making statements to the *Los Angeles Times* about the existence and nature of her *qui tam* suit"); United States *ex rel*. Bibby v. Wells Fargo Home Mortg. Inc., 76 F. Supp. 3d 1399, 1402-04 (N.D. Ga. 2015) (finding that relators violated that FCA's seal provision by repeatedly disclosing the existence of the *qui tam* suit to third parties).

The Court agrees with the Fourth Circuit Court of Appeals that the FCA's seal requirement, 31 U.S.C. § 3730(b)(2), prohibits the relator only from disclosing the existence of the *qui tam* action and does not restrict disclosure of the alleged fraud.  Here, there is no evidence that relators disclosed the filing of the *qui tam*

Civil No. 14-1855 (FAB)                                                7

complaint while the complaint was under seal.  Relators therefore did not violate the FCA's seal provision.

Even if relators' disclosures did violate the FCA's seal requirement, sanctions would nonetheless be unwarranted.  In deciding whether to sanction a relator for violating the seal provision, courts consider (1) the harm to the government caused by the violation, (2) the nature and severity of the violation, and (3) whether the relator acted in bad faith.  See Rigsby, 794 F.3d at 470-71; Lujan, 67 F.3d at 246.  Here, (1) the United States maintains that relators' disclosures during the seal period did not harm its investigation; (2) the disclosures were minor because they merely repeated information that had been disclosed nine months before the complaint was filed under seal; and (3) there is some evidence that relators may have acted in bad faith:  they did not request permission from the government before talking to the media, and the negative press about defendants' alleged fraud could have benefitted relators by persuading defendants to settle the case quickly.  Thus, although application of the third factor mildly supports sanctions, the first two factors weigh strongly against sanctions.  Therefore, even if relators' disclosures did violate the FCA's seal requirement, the Court would nonetheless decline to impose sanctions.

Civil No. 14-1855 (FAB)                                                         8

### III.  CONCLUSION

For the foregoing reasons, defendant BTB's motion requesting the imposition of sanctions against relators Betteroads Asphalt, LLC and Betterecycling Corporation (Docket No. 31) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 7, 2016.

                                                    s/ Francisco A. Besosa
                                                    FRANCISCO A. BESOSA
                                                    UNITED STATES DISTRICT JUDGE